NOT FOR PUBLICATION

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| LEWIS I. HAGAN, | : |
| Plaintiff, | : |
| v. | : Civil Action No. 06-4491 (JAG) |
| GRACE ROGERS, et al., | : OPINION |
| Defendants. | : |

**GREENAWAY, JR., U.S.D.J.**

This matter comes before this Court on the motions to dismiss the Complaint by Defendants John Middleton, Inc.; R. J. Reynolds Tobacco Company; Brown & Williamson Holdings, Inc.; Lane Limited; and Lorillard Tobacco Company (collectively, "Moving Defendants") pursuant to FED. R. CIV. P. 12(b)(6), for failure to state a claim upon which relief can be granted.[1]  For the reasons set forth below, Moving Defendants' motions to dismiss will be granted.

### I. BACKGROUND

Pro se plaintiff Lewis Hagan ("Plaintiff") was a prisoner at the Adult Diagnostic and Treatment Center ("ADTC") in Avenel, New Jersey.  (Compl. at 3.)  While incarcerated, Plaintiff

---

[1] Defendant Lorillard Tobacco Company filed a motion to dismiss on July 2, 2007. (Docket Entry 23.)  Defendant John Middleton, Inc. filed a motion to dismiss on July 18, 2007. (Docket Entry 29.)  Defendants R.J. Reynolds Tobacco Company, Brown & Williamson Holdings, Inc. and Lane Limited jointly filed a motion to dismiss on August 8, 2007. (Docket Entry 37.)

alleges that inmates and Department of Corrections staff smoked in his presence, exposing him to secondhand smoke.  (Id. at 4-5.)  Plaintiff also alleges that cigarette smoke contains "more than 4,600 chemical substances including cyanide, arsenic, formaldehyde, methane, propane, carbon monoxide and ammonia, some [of which] are higher in second hand [sic] smoke."  (Id. at 5.)  Plaintiff claims that exposure to these substances was "exacerbating [his] current respiratory ailment, [causing] severe headaches, changing of [his] voice, [l]ots of mucus, with dust and lint, watery eyes, [and] uncontrollable coughing which at times [made his] back hurt . . . ."  (Id. at 8.)  Despite these detrimental effects, Plaintiff claims that ADTC officials ignored his requests for a smoke-free environment.  (Id. at 4, 7-8.)

Plaintiff initiated the instant action on September 19, 2006, alleging that Moving Defendants "manufacture[] a know [sic] substance that is both addictive and kills . . . [and that] because of the chemicals [] added to the tobacco to make smokers addicted to the cigarettes, [he is] forced to suffer from the secondhand smoke that is produce [sic] from there [sic] product."  (Compl. Addendum at 4.)[2]  Plaintiff seeks $75 million in damages against Moving Defendants, who are allegedly "responsible for the making of the tobacco products that are contributing to [his] present illness" and "any future medical expenses that can arise from secondhand smoke."  (Compl. at 10-11.)  Plaintiff asserts that this Court has jurisdiction over his claims under "42 U.S.C. § 1983, the First Amendment, Eighth Amendment, Fifth Amendment, Fourteenth

---

[2] In addition to Plaintiff's allegation of injuries from his exposure to secondhand smoke, Plaintiff alleges several other claims stemming from his incarceration at ADTC.  Plaintiff alleges that he was constantly exposed to inmates with "contagious diseases such as aid [sic] and scabies."  (Id. at 5.)  Plaintiff also alleges that his legal mail was opened outside of his presence, (id. at 6), and that the price of his outgoing mail was altered.  (Id. at 9.)  This Court does not construe these claims to be raised against Moving Defendants, however, since Plaintiff has not alleged that Moving Defendants had control over the administration of the detention facility.

Amendment, 1997(e)e, violation of New Jersey's Clean Air Act N.J.S.A. 26.3D 55-63 [sic] and 28 U.S.C. § 1915(g)."

## II.  STANDARD OF REVIEW

A complaint should be dismissed only if the alleged facts, taken as true, fail to state a claim.  See In re Warfarin Sodium Antitrust Litig., 214 F.3d 395, 397-98 (3d Cir. 2000).  The question is whether the claimant can prove any set of facts consistent with his allegations that will entitle him to relief, not whether that person will ultimately prevail.  Scheuer v. Rhodes, 416 U.S. 232, 236 (1974); Semerenko v. Cendant Corp., 223 F.3d 165, 173 (3d Cir. 2000).

A Rule 12(b)(6) motion to dismiss should be granted only if the plaintiff is unable to articulate "enough facts to state a claim to relief that is plausible on its face."  Bell Atl. Corp. v. Twombly, 127 S. Ct. 1955, 1974 (2007); see also In re Warfarin, 214 F.3d at 397 (stating that a complaint should be dismissed only if the alleged facts, taken as true, fail to state a claim).  "Federal Rule of Civil Procedure 8(a)(2) requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'"  Twombly, 127 S. Ct. at 1964 (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)).  "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."  Id. at 1964-65 (internal citations omitted); see also FED. R. CIV. P. 8(a)(2).  "Factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)."  Twombly, 127 S. Ct. at 1965 (internal citations

omitted).  "The pleader is required to 'set forth sufficient information to outline the elements of his claim or to permit inferences to be drawn that these elements exist.'"  Kost v. Kozakewicz, 1 F.3d 176, 183 (3d Cir. 1993) (quoting 5A Charles Alan Wright & Arthur R. Miller, Federal Practice & Procedure Civil 2d § 1357 at 340) (2d ed. 1990).

A court must accept as true all allegations in the complaint and all reasonable inferences that can be drawn therefrom, and view them in the light most favorable to the non-moving party.  Oshiver v. Levin, Fishbein, Sedran & Berman, 38 F.3d 1380, 1384-85 (3d Cir. 1994); see also Sturm v. Clark, 835 F.2d 1009, 1011 (3d Cir. 1987).  The question is whether the claimant can prove any set of facts consistent with his or her allegations that will entitle him to relief, not whether that person will ultimately prevail.  Semerenko v. Cendant Corp., 223 F.3d 165, 173 (3d Cir. 2000).

While a court will accept well-pled allegations as true for the purposes of the motion, it will not accept bald assertions, unsupported conclusions, unwarranted inferences, or sweeping legal conclusions cast in the form of factual allegations.  Morse v. Lower Merion Sch. Dist., 132 F.3d 902, 906 n.8 (3d Cir. 1997).  "The defendant bears the burden of showing that no claim has been presented."  Hedges v. United States, 404 F.3d 744, 750 (3d Cir. 2005).

In reviewing a motion to dismiss, pursuant to Rule 12(b)(6), a court may consider the allegations of the complaint, as well as documents attached to or specifically referenced in the complaint, and matters of public record.  Pittsburgh v. W. Penn Power Co., 147 F.3d 256, 259 (3d Cir. 1998); see also 5B Charles Alan Wright & Arthur R. Miller, Federal Practice & Procedure: Civil 3d § 1357 (3d ed. 2007).  "Plaintiffs cannot prevent a court from looking at the texts of the documents on which its claim is based by failing to attach or explicitly cite them."  In

re Burlington Coat Factory Sec. Litig., 114 F.3d 1410, 1426 (3d Cir. 1997).

The court's review of the sufficiency of a *pro se* complaint, "however inartfully pleaded," is less stringent than its review of pleadings prepared by lawyers. Haines v. Kerner, 404 U.S. 519, 520 (1972). A court must assume a *pro se* plaintiff's factual allegations are true and construe his claim liberally. See Nietzke v. Williams, 490 U.S. 319, 330 n. 9; Roman v. Jeffes, 904 F.2d 192, 197 (3d Cir. 1990).

### III. ANALYSIS

After liberally construing the Complaint, this Court finds that Plaintiff raises a Section 1983 claim against Moving Defendants for violation of his First, Fifth, Eight, and Fourteenth Amendment rights. Plaintiff also alleges that Moving Defendants violated the New Jersey Smoke Free Act (the "NJSFA").[3] This Court shall analyze Moving Defendants' arguments supporting dismissal of the aforementioned claims.[4]

---

[3] Plaintiff claims that this Court has jurisdiction pursuant to the "New Jersey Clean Air Act N.J.S.A. 26.3D 55-63 [sic]." However, New Jersey has no statute entitled the New Jersey Clean Air Act. Since the citation provided in the Complaint is that of the New Jersey Smoke Free Act, this Court shall construe the Complaint as alleging a violation of the New Jersey Smoke Free Act.

[4] Defendants R.J. Reynolds Tobacco Co., Brown & Williamson Holdings, Inc., and Lane Limited suggest that, in the event that this Court deems any of plaintiff's allegations sufficient to state a claim for product liability, such claim is deficient based on lack of causation. (Defs. R.J. Reynolds Tobacco Co., Brown & Williamson Holdings, Inc. and Lane Limited's Br. in Support of Motion to Dismiss at 10.) In fact, this Court does not construe any of Plaintiff's allegations as stating a claim sounding in product liability. As such, this issue need not be addressed.

A.  **Plaintiff's § 1983 Claim Fails Because Tobacco Companies are Not State Actors**

In order to state a cause of action under § 1983, a plaintiff must allege the violation of a right secured by the Constitution or laws of the United States, which was committed or caused by a person acting under color of state law. West v. Atkins, 487 U.S. 42, 48 (1988); Piecknick v. Pennsylvania, 36 F.3d 1250, 1255-56 (3d Cir. 1994).  The Complaint does not allege that Moving Defendants took action under color of state law.

Furthermore, a "private firm does not become a state actor by selling its products to the government."  Steading v. Thompson, 941 F.2d 498, 499 (7th Cir. 1991); see also Vincent v. Trend W. Technical Corp., 828 F.2d 563, 567-68 (9th Cir. 1987).  Several courts have held that tobacco manufacturers are private entities, and that the mere sale of their products in state penal institutions does not transform them into state actors acting under the color of state law.  See Steading, 941 F.2d at 499; D'Allesandro v. Bugler Tobacco, No. 05-5051, 2007 WL 748443, at *2 (D.N.J. March 7, 2007);  Johnson v. Lorillard, No. 01-9587, 2002 WL 1203842, at *2 (S.D.N.Y. June 3, 2002); Gonzalez v. Republic Tobacco Co., No. 98-7228, 2000 WL 343236, at *1 (N.D. Ill. March 31, 2000); Adul-Ahad v. Top Tobacco Co., No. 99-4067 1999 WL 967514, at *2 (N.D. Ill.Oct. 6, 1999).  Plaintiff's § 1983 against Moving Defendants must be dismissed.

B.  **The New Jersey Smoke Free Act Does Not Create a Private Right of Action**

The New Jersey Smoke Free Act ("NJSFA") prohibits smoking in indoor public places and workplaces, with limited exceptions. See N.J. STAT. ANN. § 26:3D-58.  However, the NJSFA provides no private right of action to plaintiffs aggrieved by a violation of its terms.  N.J. STAT. ANN. § 26:3D-62(e) ("[T]here shall be no private right of action against a party for failure to comply with the provisions of this act.").  Plaintiff cannot, as a matter of law, articulate a

6

viable claim against Moving Defendants under the NJFSA.

## IV. CONCLUSION

For the reasons stated above, the motions to dismiss by Defendants John Middleton, Inc.; R. J. Reynolds Tobacco Company; Brown & Williamson Holdings, Inc.; Lane Limited; and Lorillard Tobacco Company shall be granted.[5]

Dated: March 25, 2008

    S/Joseph A. Greenaway, Jr.
JOSEPH A. GREENAWAY, JR., U.S.D.J.

---

[5] This Court recognizes that, on November 7, 2007, Plaintiff filed a motion to amend the Complaint. This Court shall deny Plaintiff's motion, and grant him leave to amend the Complaint in a manner consistent with this Opinion.